[No. 52129–8.   En Banc.   June 12, 1986.]

POSTLEWAIT CONSTRUCTION, INC., *Petitioner,* v. GREAT AMERICAN INSURANCE COMPANIES, ET AL, *Respondents.*

*Francis Conklin* and *Backman, Blumel & Reed,* by *James E. Reed* and *Joseph A. Blumel III,* for petitioner.

*Johnson & McLean,* by *Peter J. Johnson,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

Postlewait Construction, Inc. (lessor) appeals a summary judgment dismissing its action against Great American Insurance Companies (insurer) for breach of an agreement to insure. The Court of Appeals held that the lessor was not a beneficiary of the insurance policy in question, and therefore had no standing to sue. We granted discretionary review.

The lessor, Postlewait, is the owner of two cranes (a 30–ton Drott and an 85–ton Lorraine). Lessor leased them to P. K. Contractors (lessee). The lease agreement provided in part:

> The Lessee warrants that the following minimum insurance will be maintained in effect during the term of lease or rentals.
>
> . . .
>
> D. Equipment insurance in the amount of replacement value.

Pursuant to the lease agreement, lessee amended its already existing insurance policy with Great American to

cover the two cranes. The lessee was a named insured on the policy; the lessor, however, was not referred to in the policy, either as a named insured, a loss payee or otherwise.

The lessor was issued two certificates of insurance. These certificates informed the lessor that the lessee had purchased insurance for the cranes and provided in part:

> It is hereby certified that such insurance policies as are indicated hereunder have been issued and are in full force and effect on the effective date of this certificate.
>
> . . .
>
> CANCELLATION CLAUSE:—It is hereby understood and agreed that this policy or policies shall be not cancelled or altered nor the amount of coverage reduced until at least *10* days after notice of cancellation, alteration or reduction has been mailed to the party to whom this certificate is addressed.
>
> THIS CERTIFICATE OF INSURANCE is issued subject to the terms, conditions and coverage of policy numbers of the above listed Insurance Company or Companies. *It is not intended to affirmatively or negatively alter, extend or rescind any of the existing terms, conditions or coverage of the above mentioned policy or policies.*

(Italics ours.) After receiving the certificates of insurance, which affirmed that the lessee had insured the cranes, the lessor canceled its own insurance on the cranes.

The lessee later returned the Drott crane to the lessor in a damaged condition. Then later yet, the Lorraine crane was damaged in two separate arson fires while it was in the lessee's care. The lessor sought payment for the damage directly from the insurer. The insurer issued a draft in partial compensation for the damage to the first crane. When the lessor was unable to settle with the insurer on the second crane, it brought this action directly against the insurer for breach of the insurance agreement, bad faith and violation of the Consumer Protection Act. The trial court granted the insurer's motion for a summary judgment of dismissal. A divided Court of Appeals affirmed the dismissal, the majority holding that the lessor was not an intended third party beneficiary of the lessee's insurance policy on the cranes and hence was not entitled to bring a

direct action against the insurer.[1]

One issue is dispositive.

## ISSUE

May a lessor of personal property, which is damaged while in the possession of a lessee, maintain a direct action on the lessee's insurance policy covering the property when the insurance policy obtained by the lessee neither named the lessor as an additional insured nor as a loss payee?

## DECISION

CONCLUSION. Under the facts here presented, where the lessor of the cranes is not named as an additional insured or as a loss payee on the lessee's insurance policy, the lessor is not an intended third party beneficiary of the policy and may not directly sue the insurer for breach of the insurance contract represented by the policy.

In *Lonsdale v. Chesterfield,* 99 Wn.2d 353, 361, 662 P.2d 385 (1983), quoting *Burke & Thomas, Inc. v. International Org. of Masters,* 92 Wn.2d 762, 767, 600 P.2d 1282 (1979), we held that

> [t]he creation of a third–party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract.

Thus, both contracting parties must intend that a third party beneficiary contract be created. Furthermore, the test of intent is an objective one; the key is not whether the contracting parties had an altruistic motive or desire to benefit the third party,[2] but rather, "whether performance under the contract would necessarily and directly benefit" that party.[3] The contracting parties' intent is determined by construing the terms of the contract as a whole, in light

---

[1]*Postlewait Constr., Inc. v. Great Am. Ins. Cos.,* 41 Wn. App. 763, 766–67, 706 P.2d 636 (1985).

[2]*Lonsdale v. Chesterfield,* 99 Wn.2d 353, 361–62, 662 P.2d 385 (1983).

[3]*Lonsdale,* at 362.

of the circumstances under which it is made.[4] Where, as here, there are no disputed material facts, the contract will be construed by the court as a matter of law.[5]

■ These principles were correctly applied in the present case by the Court of Appeals majority opinion. In rejecting the lessor's claim that it was a third party beneficiary of the insurance agreement between the lessee and the insurer, the well reasoned majority opinion written by Judge James Ben McInturff aptly summarized:[6]

> Do the terms of the insurance agreement construed in the light of the circumstances present here indicate an intent by [the lessee] and [the insurer] that the latter assume a direct obligation to [the lessor]? Certainly, the insurance policy itself evidences no such intent. [The lessee] is the named insured; [the lessor] is not mentioned in the policy. [Lessee's] lease with [lessor] promises that it will secure insurance on the cranes, but, . . . a party's desire or purpose to benefit a third party is not the same as an intent to assume a direct obligation to that third party. Furthermore, the record contains no evidence that [the insurer] was even aware of the lease.
>
> [Lessor] relies heavily on the fact it was issued certificates of insurance by [lessee's] insurance broker. It argues that the certificates indicate [the insurer] knew of [lessor's] interest in the insured property and therefore intended to assume a direct obligation to [the lessor]. However, the certificates themselves do not identify [the lessor] as having an ownership or any other interest in the cranes, and [the lessor] has not cited any authority to support an inference that such certificates are issued only to persons with an interest. In fact, it has been noted that "[a] certificate of insurance is not a substitution of parties. It 'is not, and does not purport to be, a policy, but states that a policy covering the goods is in existence . . .'"

Other courts likewise hold that the purpose of issuing a

---

[4]*Grand Lodge of Scandinavian Fraternity of Am., Dist. 7 v. United States Fid. & Guar. Co.*, 2 Wn.2d 561, 569, 98 P.2d 971 (1940).

[5]*Yeats v. Estate of Yeats*, 90 Wn.2d 201, 204, 580 P.2d 617 (1978).

[6]*Postlewait*, at 766–67.

certificate of insurance is to inform the recipient thereof that insurance has been obtained; the certificate itself, however, is not the equivalent of an insurance policy.[7]

The rule is expressed thusly in 18 G. Couch, *Insurance* § 74:333, at 791 (2d ed. 1983):

> In order to be a third–party beneficiary entitled to recover on an insurance contract, it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary. Both parties to the contract must so intend and must indicate that intention in the contract. The fact that lessors would be incidentally benefited does not give them a right to recover on a policy by virtue of an arrangement between them and the lessee, where the insurer assumed no obligation to the lessors in the policy, but believed itself to be insuring only the interest of the person named therein.

In sum, there has been no showing in this case that the insurer intended to assume a direct obligation to the lessor. Rather, the lessor is attempting to directly collect proceeds it claims are owing under an insurance policy on which it was not named as an insured, a loss payee or otherwise. Although the lessor has a remedy, this is not it. Obviously, the lessor can sue the lessee,[8] then if judgment is obtained against the lessee, the lessee's insurer can, if necessary, be garnished.[9]

---

[7]*See Atlas Assur. Co. v. Harper, Robinson Shipping Co.,* 508 F.2d 1381, 1386 (9th Cir. 1975); *United States Pipe & Foundry Co. v. United States Fid. & Guar. Co.,* 505 F.2d 88, 89 (5th Cir. 1974); *Robert McMullan & Son, Inc. v. United States Fid. & Guar. Co.,* 103 Cal. App. 3d 198, 203, 162 Cal. Rptr. 720 (1980); *Skezas v. Safway Steel Prods., Inc.,* 85 Ill. App. 2d 295, 302, 229 N.E.2d 781 (1967); *see also* 13A J. Appleman, *Insurance* § 7530, at 16 (Supp. 1984).

[8]The lease agreement provides: "Lessee agrees to pay Lessor immediately for any damage to this equipment other than reasonable wear & tear regardless of cause of damage, the use of the equipment or the existence of any insurance."

[9]18 G. Couch, *Insurance* § 74:100, at 614 (2d ed. 1983); 6 Am. Jur. 2d *Attachment and Garnishment* § 166, at 679 (1963). *See Van Dyke v. White,* 55 Wn.2d 601, 349 P.2d 430 (1960); *Philadelphia Fire & Marine Ins. Co. v. Grandview,* 42 Wn.2d 357, 255 P.2d 540 (1953).

Our holding that the lessor is not an intended third party beneficiary of the insurance agreement between the lessee and the insurer renders moot the lessor's claims against the insurer for bad faith and breach of the Consumer Protection Act.

Affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.