Ronald D. NIELSEN, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Unum Group Corporation, Catholic Health Initiatives Plan, and Franciscan Health System, Defendants.

Case No. 2:13–cv–1717 RSM.

United States District Court, W.D. Washington, at Seattle.

Signed Sept. 2, 2014.

T. Jeffrey Keane, Keane Law Offices, Seattle, WA, for Plaintiff.

Charles C. Huber, D. Michael Reilly, Lane Powell PC, Michael Madden, Rhianna M. Fronapfel, Bennett Bigelow & Leedom, Seattle, WA, Christopher C. Swenson, Johnny S. Wang, Polsinelli Shughart PC, St. Louis, MO, for Defendants.

## ORDER ON MOTIONS

RICARDO S. MARTINEZ, District Judge.

This matter comes before the Court on Motion to Strike Plaintiff's Jury Demand by Defendants Catholic Health Initiatives ("CHI"), Catholic Health Initiatives Welfare Benefits Plan (the "Plan"), and Franciscan Health System ("FHS") (Dkt. # 18); Partial Motion to Dismiss for Failure to State a Claim, or in the Alternative, for More Definite Statement by Defendants CHI, the Plan, and FHS (Dkt. # 19); Motion to Dismiss and Joinder in CHI's Motion to Dismiss by Defendants Unum Group Corporation and Unum Life Insurance Company of America (collectively, "Unum") (Dkt. # 20); and Motion for Joinder in CHI Defendants' Motion to Strike Plaintiff's Jury Demand by Defendants Unum (Dkt. # 21). Upon filing of these Motions, the Court ordered Defendants Unum to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. *See* Dkt. # 23. Having reviewed the parties' briefing, the record, and relevant case law, and for the reasons stated herein, the Court determines that it possesses federal question jurisdiction over this action, grants the requests to strike Plaintiff's jury demand with respect to causes of action under ERISA, and grants the motions for partial dismissal of Plaintiff's complaint.

### Background

Plaintiff's operative complaint asserts multiple state and federal causes of action, all arising out of Defendants' decision to deny Plaintiff Dr. Ronald Nielsen short and long-term disability benefits. From May 4, 2005 to May 21, 2010, Plaintiff was employed by FHS as a physician. FHS is an affiliate of CHI, which provides employee benefits for FHS's employees, including Plaintiff. Prior to December 2005, CHI administered welfare benefits under two separate employee benefits plans: (1) the Plan (identified as Plan No. 513), and (2) the LTD Plan (identified as Plan No. 514), which provided for Long–Term Disability ("LTD") benefits. *See* Dkt. # 32, ¶ 15. As of December 8, 2005, CHI elected to provide LTD benefits instead under the Plan and consolidated both benefit programs into Plan No. 513. The LTD benefits in the Plan are funded through an insurance policy issued by Unum, to which

CHI delegated authority and responsibility for making benefit determinations under the Plan. Dkt. # 15 ("Compl."), ¶ 3; Dkt. # 17, ¶ 6. In addition, CHI provides Short Term Disability ("STD") benefits to eligible FHS employees through a separate salary continuation program (the "STD Program"). CHI also delegated claims administration authority under the STD Program to Unum. *Id.* Plaintiff participated in both the Plan and the STD Program as a consequence of his employment.

On May 21, 2010, at the age of 55, Plaintiff was terminated by FHS. Compl. at ¶ 16. Plaintiff contends that he was fired due to difficulties with attention, concentration, and working memory, and for inability to complete work in a timely manner. *Id.* In June 2010, following his termination, Dr. Nielsen made a claim for STD benefits under the STD Program, which was denied on June 25, 2010. *Id.* at ¶¶ 21, 30. On June 27, 2011, Unum denied Plaintiff's appeal, determining that Dr. Nielsen was not "disabled" as defined under the STD Program. *Id.* at ¶ 31. Plaintiff then applied for LTD benefits under the Plan, but his claim was also denied on April 20, 2012. Again Unum determined that Dr. Nielsen was not "disabled" as defined under the Plan. *Id.* at ¶ 42. On March 18, 2013, Unum denied Plaintiff's appeal of the denial of his LTD benefits. *Id.* at ¶ 54.

Plaintiff filed this action in the Superior Court of Washington for King County on August 22, 2013, asserting claims against Defendants under Washington law as well as Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a). Plaintiff's first and second causes of action allege breach of contract by CHI, FHS, and Unum arising out of the denial of Plaintiff's STD benefits. The remaining causes of action seek relief for the denial of Plaintiff's LTD benefits, including the provision of past and future LTD benefits,

a declaration that the term "mental illness" is unenforceable as defined in the Plan, a declaration that Plaintiff is entitled under the Plan to LTD benefits until age 65, and injunctive relief prohibiting Defendants from enforcing the Plan definition of "mental illness."

On September 23, 2013, Unum removed the Complaint to this Court on the basis of federal question jurisdiction. *See* Dkt. # 1. Following removal, Plaintiff filed an Amended Complaint, which added a Thirteenth Cause of Action for improper denial of LTD benefits under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Though the Amended Complaint expressly disclaims that ERISA governs the Plan, it asserts claims under ERISA in the event that the Court should determine that "ERISA applies to this action and that it preempts any of Dr. Nielsen's claims." Compl. at ¶ 151. Defendants contend that the Complaint principally seeks a monetary award for disability benefits under the Plan, which they assert is governed by ERISA, thereby providing grounds for this Court's jurisdiction over the action and preempting Plaintiff's state law claims. Plaintiff, however, maintains that the Plan is exempt from ERISA as a "church plan" and because CHI did not properly elect to have the Plan governed by ERISA.

Following Plaintiff's filing of an Amended Complaint, Defendants filed the instant motion to strike Plaintiff's jury demand and to partially dismiss the complaint for failure to state claims on which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The Court sought and received supplemental briefing on the jurisdictional question through an Order to Show Cause (Dkt. # 23) and now finds and orders as follows.

### *Analysis*

#### a) Federal Question Jurisdiction

 As an initial matter, the Court considers whether it possesses subject matter jurisdiction over Plaintiff's Complaint on the grounds that ERISA governs Plaintiff's claims for long-term disability benefits. Pursuant to 28 U.S.C. § 1331, district courts possess "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." Generally, and in accordance with the well-pleaded complaint rule, a defendant may only remove a case to federal courts if "the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, an exception to the well-pleaded complaint rule exists where "a federal statute wholly displaces the state-law cause of action through complete preemption." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)). In such instances, the state law claim can be removed because, if completely preempted by a federal statute, it is "in reality based on federal law." *Id.* at 207–08, 124 S.Ct. 2488. ERISA is such a preempting statute. *Id.* at 208, 124 S.Ct. 2488. In order to effect its purpose of "provid[ing] a uniform regulatory regime over employee benefit plans," ERISA "includes expansive preemption provisions ... which are intended to ensure that employee benefit regulation would be 'exclusively a federal concern.'" *Id.* (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)); *see* 29 U.S.C. § 1144(a) (providing, with specified exceptions, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). Accordingly, despite its express disclaimer of federal subject matter jurisdiction, Plaintiff's Complaint is removable if the Plan is governed by ERISA, which would preempt its asserted state law claims.

Plaintiff contends that the Plan is not governed by ERISA because it falls under the statute's exception for "church plans." ERISA applies broadly to any employee benefit plan established or maintained by an employer engaged in or representing employees engaged in commerce, with delineated exceptions for plans that fall outside of the statute's regulatory and preemptive authority. Among these exceptions, ERISA does not apply to a "church plan," as defined under 29 U.S.C. § 1002(33), unless the church maintaining the plan has made an election under 26 U.S.C. § 410(d) to make the plan subject to ERISA. 29 U.S.C. § 1003(b)(2). Once a 26 U.S.C. § 410(d) election has been made, it is irrevocable and binding with respect to the plan. 26 U.S.C. § 410(d)(2). Here, it is undisputed that the Plan is a "church plan" as defined under ERISA. The sole dispute concerns whether CHI properly elected to subject the Plan to ERISA.

In order to subject a church plan to ERISA, a § 410(d) election must be made "in such form and manner as the secretary may by regulations prescribe." 26 U.S.C. § 410(d); *Rinehart v. Life Ins. Co. of North America*, 2009 WL 995715, *5 (W.D.Wash.2009). If an election is properly made, ERISA applies "as if such plan were not a church plan." 26 C.F.R. § 1.410(d)–1(a). 26 C.F.R. § 1.410(d)–1(c) prescribes the procedures for effecting a § 410(d) election. The election must be made by the plan administrator (here, CHI), through a statement indicating that

(1) the election is made under § 410(d), and (2) the first plan year for which it is effective. 26 C.F.R. § 1.410(d)–1(c)(5). The administrator must attach the statement to either (a) the annual return required under § 6058(a) (known as "Form 5500") with respect to the plan which is filed for the first plan year for which the election is effective, or (b) a written request for a determination letter related to the qualification of the plan. 26 C.F.R. § 1.410(d)–1(c)(3).

■ Here, CHI properly effected a § 410(d) election by preparing and submitting a statement through an October 7, 2004 letter that specifically indicates that the election is made under § 410(d), the year that it takes effect, and that it is irrevocable. *See* Dkt. # 32, Ex. 2. The letter was attached as required to a Form 5500 prepared for LTD Plan No. 514, which was subsumed under Plan No. 513 the following year. *See id.* at Ex. 3. A December 2005 memorandum announcing the consolidation of the plans made explicit that Plan No. 513, under which LTD benefits would thereafter be administered, is an "employee welfare benefit plan" governed by ERISA. CHI sent a Form 5500 for Plan No. 513 to the Employee Benefits Security Administration for each year thereafter, including the years before, during, and after which Nielsen's claims arose. *Id.* at ¶ 14.

Plaintiff's contention that the ERISA election was not valid thus misses the mark. Plaintiff contends that CHI fails to carry its burden of providing evidence that the election statement was properly attached to the Form 5500 for the Plan (No. 513), as CHI has only submitted evidence that the letter was attached to Plan No. 514. However, as previously explained, the LTD benefits program from Plan No. 514 was consolidated into Plan No. 513, carrying the statutorily *irrevocable* ERISA election with it. *See* Dkt. # 34, ¶ 15. Further, CHI has submitted evidence that separate election letters were issued and attached to Form 5500's for both Plan No. 513 and Plan No. 514. *See id.* at ¶¶ 11, 16. Plaintiff's reliance on *Rinehart* is similarly misplaced. Plaintiff contends that *Rinehart* stands for the proposition that an election is invalid unless made in perfect compliance with the Secretary's form and manner regulations. *See Rinehart*, 2009 WL 995715, *5 (holding that "26 C.F.R. § 1.410(d)–1(c) requires a strict election, especially considering the irrevocable nature of the election after it is made"). However, the *Rinehart* court found the election invalid because the plan administrator had merely submitted Form 5500's without ever executing a statement under § 410(d) electing to have the LTD plan governed by ERISA. Such is not the case here, where CHI clearly executed and attached the required election statement.

Plaintiff's additional argument that CHI waived ERISA governance is also inapposite. Plaintiff contends that Defendants admitted that ERISA does not govern on two occasions: (1) through an Unum employee's statement to Plaintiff's counsel that Dr. Nielsen's claims were not governed by ERISA, and (2) through CHI's denial of allegations in a pleading in the pending case, *Medina v. Catholic Health Initiatives et al.*, Case No. 1:13–cv–01249 (D.Colo.). Neither of these statements alters the irrevocable nature of the election. "It is well-settled that the statements of an insurer's employees are not determinative of the interpretation of an insurance contract." *Group Voyagers, Inc. v. Employers Ins. of Wausau*, 2002 WL 356653, *5 (N.D.Cal.2002). Plaintiff thus cannot rely on a Unum employee's statement to "enlarge his rights against the plan beyond what he could recover under the unambiguous language of the plan itself." *Siegel v.*

*New York Life Ins. Co. Employee Welfare Benefit Plan,* 2001 WL 77062 (C.D.Cal. 2001). Here, the Policy and Certificate of Coverage issued to Dr. Nielsen clearly identify that the Plan is governed by ERISA, and Plaintiff cannot alter these clear terms through reliance on an employee's representation. *Id.* at Ex. 1. Further, the *Medina* lawsuit concerns a separate CHI pension plan rather than the Plan at issue in this case and thus has little bearing on the questions at hand.

For these reasons, the Court finds that Defendants' removal of this case is supported by good cause. Plaintiff's Thirteenth Cause of Action expressly states claims for LTD benefits under ERISA should the Court find that it governs the complaint. Thus by virtue of the well-pled complaint rule and ERISA's preemptive power, the Court finds that it possesses jurisdiction over this litigation.

### b) Motion to Strike Jury Demand

█ Defendants CHI, the Plan, and FHS, joined by Defendants Unum, move the Court to strike Plaintiff's jury demand made in Plaintiff's operative complaint. Dkt. ## 18, 21. Participants and beneficiaries of an ERISA plan are not statutorily or constitutionally entitled to a jury trial for claims brought under, or preempted by, section 502 of ERISA. *Thomas v. Oregon Fruit Prods. Co.,* 228 F.3d 991, 996 (9th Cir.2000). The Ninth Circuit, in limiting ERISA trials to a "bench trial on the record," reasoned that a full de novo jury trial "would undermine the policies behind ERISA." *Id.; see also Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations,* 244 F.3d 1109, 1114 (9th Cir.2001) (remanding for a bench trial before district court because "there is no right to a jury trial in ERISA cases"). Plaintiff admits that "he is not entitled to a jury trial on his claims under ERISA" but maintains that ERISA does not govern his long-term disability benefits claims. Dkt. # 24. Because the Court herein finds to the contrary, the Court grants Defendants' request to strike Plaintiffs' jury trial demand with respect to Plaintiff's Thirteen Cause of Action and any claims stated under ERISA. As the Court dismisses all state law causes of action that are preempted by ERISA, the Court need not strike jury demand further.

### c) Motions to Dismiss

Defendants CHI, the Plan, and FHS move for partial dismissal of Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b) and, in the alternative, for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Dkt. # 19. These Defendants contend that Plaintiff's state law claims related to the Plan, set out in Counts III, V, VI, VII, and XIII, are completely preempted by ERISA and therefore subject to dismissal. Defendants further contend that Counts III, V, VI, and VII of Plaintiff's Complaint should be dismissed on the additional grounds that they fail to state a claim against FHS and CHI under ERISA because the proper defendant in an action under 29 U.S.C. § 1132(a)(1)(B) is the Plan. Finally, Defendants contend that Count XIII's claims for breach of fiduciary duty and equitable relief fail to state a claim upon which relief may be granted, and that Count XIII does not comply with the pleading requirements of Fed.R.Civ.P. 10(b) in that it asserts at least four separate ERISA causes of action in a single count. In their Motion to Dismiss (Dkt. # 20), Defendants Unum further seek dismissal of Counts IV, IX, X, XI, and XII as preempted by ERISA, and of Counts VI and VIII on the grounds that Plaintiff has no cognizable claim under Title III of the ADA or the WLAD. Unum additionally moves the Court to dismiss Count II on

the grounds that Plaintiff cannot recover contractual benefits as a third-party beneficiary of the contract between CHI and Unum through which Unum administered Plaintiff's claim for STD benefits. The Court considers each of these arguments in turn.

**(1) Standard of Review**

■ To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* By contrast, a claim will be dismissed where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *SmileCare Dental Group v. Delta Dental Plan of Cal.,* 88 F.3d 780, 782–83 (9th Cir.1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

■ For the purposes of a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside County Office of Educ.,* 584 F.3d 821, 824 (9th Cir.2009) (internal citation omitted). However, the Court is not required "to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295–96 (9th Cir.1998). Where claims are dismissed under Rule 12(b)(6), the court "should grant leave to amend ... unless it determines that the pleading could not possible be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000). Leave to amend need not be granted, and dismissal may be ordered with prejudice, if amendment would be futile. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998).

**(2) Count II**

■ Defendants Unum move to dismiss the Complaint's Second Cause of Action for breach of the STD Program contract against Unum on the grounds that Nielsen cannot recover contractual benefits as a third-party beneficiary. "A third-party beneficiary contract exists when the contracting parties, at the time they enter into the contract, intend that the promisor will assume a direct obligation to the claimed beneficiary." *Warner v. Design & Build Homes, Inc.,* 128 Wash.App. 34, 43, 114 P.3d 664 (2005) (citing *Postlewait Constr., Inc. v. Great Am. Ins. Co.,* 106 Wash.2d 96, 99, 720 P.2d 805 (1986)). Thus, a third-party beneficiary claim requires that the contracting parties intended that "performance under the contract necessarily and directly benefits the third party." *Id.*

Here, Unum alleges that Plaintiff is not a third-party beneficiary under the STD program contract between CHI and Unum. While the contract required Unum to administer claims for CHI, it did not require Unum to adjudicate claims in Plaintiff's favor or for his direct benefit. *See* Dkt. # 20, p. 8. As Plaintiff has failed to oppose Unum's motion to dismiss Count II or in any way controvert these allegations, the Court considers Plaintiff's silence as an admission that the motion has merit. *See* LCR 7(b)(2). Accordingly, Plaintiff's Second Cause of Action shall be

dismissed with prejudice as amendment would be futile.

### (3) Counts III, IV, V: Breach of Contract

Through the Complaint's Third, Fourth, and Fifth Causes of Action, Plaintiff alleges breach of contract against CHS/FHS, Unum, and the Plan, respectively, for denial of LTD benefits under the Plan. Defendants contend that these common law causes of action are expressly preempted by ERISA's express preemption provision, § 514(a), and conflict preempted under ERISA's civil enforcement scheme, § 502(a)(1)(B).

The "express preemption provisions of ERISA are deliberately expansive and designed to establish pension plan regulation exclusively as a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (internal quotation marks omitted). In order to further ERISA's purpose of providing a uniform regulatory regime for employee benefits plans, section 514(a) of ERISA provides that ERISA supersedes all State laws insofar as they may "relate to" an ERISA plan. 29 U.S.C. § 1144(a). A law "relate[s] to" an employee benefit plan "if it has connection with or reference to such a plan," where the words "relate to" are used "in their broadest sense." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97–98, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Thus, "a state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Unless a common law cause of action falls under an exception to § 514(a), it is expressly preempted. *Pilot Life*, 481 U.S. at 48, 107 S.Ct. 1549.

Further, even absent express preemption, a cause of action based on state law is preempted if it conflicts directly with an ERISA cause of action. Through ERISA § 502(a), Congress set forth an integrated and comprehensive civil enforcement scheme, which provides "the exclusive remedy for rights guaranteed under ERISA." *Ingersoll–Rand Co.*, 498 U.S. at 144, 111 S.Ct. 478. This civil enforcement mechanism possesses "extraordinary preemptive power." *Davila*, 542 U.S. at 209, 124 S.Ct. 2488. Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Id.* ERISA § 502(a)(1)(B) provides for a participant or beneficiary of an ERISA plan to bring a civil action to recover benefits due under the plan, enforce his rights, or clarify his rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). The Supreme Court in *Davila* clarified that a state law cause of action falls "within the scope" of § 502(a)(1)(B), and is thereby preempted, where two conditions are met: (1) the plaintiff could have brought his claim under ERISA § 502(a)(1)(B), and (2) "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210, 124 S.Ct. 2488. No independent legal duty exists where interpretation of the terms of the ERISA-regulated benefits plan forms an essential part of the claim and where the defendant's liability exists only due to its administration of the ERISA-regulated plan. *Id.* at 213, 124 S.Ct. 2488.

Here, Plaintiff's common law claims for breach of contract are both expressly preempted by ERISA § 514(a) and conflict preempted because they fall within the scope of ERISA § 502(a)(1)(B). "The

federal courts have routinely found state tort and implied contract remedies preempted by section 514(a) even when ERISA provides no substitute for the state cause of action." *Olson v. General Dynamics Corp.*, 960 F.2d 1418, 1424 (9th Cir.1991). By seeking benefits under the Plan, Plaintiff's breach of contract claims are made in connection with and thereby relate to an ERISA plan and are thus expressly preempted. Further, the breach of contract claims satisfy the two prongs of *Davila:* (1) Plaintiff seeks past and future benefits under the Plan, which is precisely what § 502(a)(1)(B) provides authority for a beneficiary to seek, and (2) Plaintiff's breach of contract claims arise solely out of Dr. Nielsen's status as a beneficiary of the Plan and demand interpretation of its terms. As Plaintiff's Third, Fourth, and Fifth Causes of Action for breach of contract are preempted by ERISA, they fail to state a claim for which relief can be granted and are thus dismissed with prejudice.

### (4) Count VI, VII and VIII: Violation of the WLAD and Title III of the ADA

Plaintiff's Sixth Cause of Action seeks declaratory judgment against all Defendants that the one-year limit on benefits for disability due to mental illness is unenforceable because it violates the Washington Law against Discrimination ("WLAD"), RCW 49.60, and Title III of the ADA. Plaintiff's Seventh Cause of Action states a discrimination claim under the WLAD against FHS, alleging that the Plan's provisions treat individuals with "mental disabilities" differently from those with "physical disabilities." Compl. at ¶ 109. Plaintiff's Eighth Cause of Action alleges a similar claim against Unum for violation of Title III of the ADA. Defendants claim that Plaintiff's WLAD claim is preempted by ERISA § 502(a)(1)(B) and

that its claims under both the WLAD and the ADA are not legally cognizable pursuant to the Ninth Circuit's decision in *Weyer v. Twentieth Century Fox*, 198 F.3d 1104 (9th Cir.2000).

The Court agrees that *Weyer* is dispositive as to Plaintiff's WLAD and ADA claims. As in the instant case, the employer in *Weyer*, Twentieth Century Fox, offered a long-term disability benefits policy administered by Unum as a fringe benefit to its employees. The policy contained a two-year limitation for disability benefits coverage for beneficiaries suffering from mental illness, with no such limitation for individuals suffering from physical disabilities, who could receive benefits until age 65. Weyer became disabled with severe depression, and Unum suspended her benefits after two years, in accordance with the policy limitation. As here, Weyer sued Fox and Unum, alleging violations of Title III of the ADA, as well as the WLAD.

The Ninth Circuit rejected plaintiff's Title III claim on three independent grounds. First, Title III prohibits discrimination "on the basis of disability in ... any place of public accommodations." 42 U.S.C. § 12182(a). Unlike the physical places with which Title III is concerned (an insurance office, for instance), an insurance company that administers a disability benefits plan is not "a place of public accommodation" under Title III. *Weyer*, 198 F.3d at 1115. Second, the Ninth Circuit found that Title III does not govern the *content* of good or services but rather access to enjoyment of them. *Id.* And finally, the Ninth Circuit held that the decision of an insurer to classify risks associated with mental disability differently from physical disability falls within Title III's "safe harbor" provision, 42 U.S.C. § 12201(c). *Id.* at 1115–16. In addition, the Ninth Circuit specifically rejected Weyer's claims against both the employer

and Unum under the WLAD. Analogizing RCW 49.60.180 [1] to federal discrimination laws, the court held that the statute "does not prohibit an employer from offering disability insurance policies as an employment benefit that differentiates between mental and physical disabilities." *Id.* at 1118. Further, the court held that RCW 49.60.215,[2] Washington's analogue to Title III, fails on several grounds, including for the same reason as plaintiff's ADA claim: "an administrator of an employer-provided disability insurance fringe benefit is not a 'place of public accommodation' under RCW 49.60.215." *Id.* at 1119; *see also Fell v. Spokane Transit Authority,* 128 Wash.2d 618, 911 P.2d 1319 (1996).

■ The Ninth Circuit's decision in *Weyer* thus requires dismissal of Plaintiff's ADA and WLAD claims. Unum is not a place of public accommodation and thus cannot have violated either Title III of the ADA or RCW 49.60.215. Further, Title III of the ADA does not prescribe the contents of policy provisions and specifically shields liability claims against policies that differentiate between risks of mental and physical disability through its safe harbor provision. Similarly, Plaintiff's claim against FHS under the WLAD must fail because the applicable provision, RCW 49.60.180, also allows an employer to differentiate between mental and physical disabilities. Accordingly, Plaintiff's Sixth, Seventh, and Eighth Causes of Action for violations of the ADA and WLAD are dismissed with prejudice for failure to state a claim. Because it is clear that Plaintiff fails to state a claim under the WLAD, the Court need not determine whether this state statute is also preempted by ERISA. *See Weyer,* 198 F.3d at 1119.[3]

### (5) Counts IX, X, XI, XII: Violation of Washington Statutory Law

Plaintiff's Ninth, Tenth, Eleventh, and Twelfth Causes of Action state claims against Unum for violations of Washington common and statutory law based on its denial of his STD and LTD benefits, including: breach of fiduciary duty;. insurance bad faith under RCW 48.30.010; violations of the Washington Consumer Protection Act ("CPA"), RCW 19.86; and violations of the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30. Defendants Unum move to dismiss each of these claims as preempted by ERISA.

■ The Court agrees that each of these causes of action is preempted to the

1. RCW 49.60.180, invoked in Plaintiff's Seventh Cause of Action, provides that "[i]t is an unfair practice for any employer: ... [t]o discriminate against any person in compensation or in other terms or conditions of employment because of ... mental ... disability."

2. RCW 49.60.215 makes it "an unfair practice to discriminate in matters of public resort or accommodation "except for conditions and limitations established by law and applicable to all persons, regardless of ... the presence of any sensory, mental, or physical disability." " *See also Fell,* 128 Wash.2d at 627, 911 P.2d 1319.

3. Plaintiff's causes of action with respect to the mental health limitation are also subject to dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Unlike in *Weyer,* Defendants have not limited Plaintiff's LTD benefits to one year, having instead denied his LTD benefits entirely. Accordingly, Plaintiff has not suffered an "injury in fact" and thus lacks standing to bring these claims. *See Chandler v. State Farm Mut. Automobile Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir.2010). For similar reasons, Plaintiff's claims with respect to the mental health limitation are not ripe for adjudication as they concern only contingent future events that may never occur at all. *Id.* As the Court dismisses each of Plaintiff's state law claims for LTD benefits in their entirety, it need not reach Defendants' additional arguments that they should be dismissed with respect to CHI and FHS in particular.

extent that they pertain to Unum's denial of Plaintiff's LTD benefits. With respect to LTD benefits, the claims are expressly preempted by ERISA § 514(a) as they "relate to" the ERISA-governed Plan. "The key issue" in determining ERISA preemption is "whether the parties' relationships are ERISA-governed relationships." *Bast v. Prudential Ins. Co.*, 150 F.3d 1003, 1008 (9th Cir.1998) (quoting *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1358 (9th Cir.1997)). Here, the relationship between Plaintiff and Unum, in carrying out its delegated authority to make benefits determinations under the Plan, is patently governed by ERISA. Further, the Ninth Circuit has specifically held that, notwithstanding the savings clause of § 514(a) for state laws that regulate insurance, claims for insurance bad faith under the Washington Insurance Code and under the CPA are expressly preempted by ERISA. *See Bast*, 150 F.3d at 1007–08; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (holding that ERISA bars bad faith tort causes of action). Plaintiff's state law claims for breach of fiduciary duty and for violation of the IFCA are similarly preempted, as they contest conduct by Unum in determining Dr. Nielsen's benefits under the Plan. *See Pilot Life*, 481 U.S. at 46, 107 S.Ct. 1549 (holding that state law claims for tortious breach of contract, breach of alleged fiduciary duties, and fraud are preempted by ERISA); *Bast*, 150 F.3d at 1008.

Accordingly, to the extent that Plaintiff's Ninth, Tenth, Eleventh, and Twelfth Causes of Action pertain to Unum's denial of Dr. Nielsen's LTD benefits, these claims are preempted by ERISA and are dismissed with prejudice. To the extent that Plaintiff also states these claims with respect to Unum's denial of Plaintiff's LTD benefits, these claims are not ERISA-preempted, as the STD Program is not an ERISA-governed plan. Plaintiff is granted permission to amend his complaint to replead these claims to the extent that he maintains causes of action against Unum with respect to the STD Program.

**(6) Counts XIII: Violations of ERISA, 29 U.S.C. § 1132**

Plaintiff's Thirteenth Cause of Action combines multiple ERISA claims, including for breach of monetary benefits, breach of fiduciary duty, equitable relief, and alleged refusal of CHI to supply requested information. Defendants CHI, FHS, and the Plan argue that Plaintiff's claims for breach of fiduciary duty and equitable relief under ERISA fail as a matter of law. As to the former, a plaintiff must allege that the denial of benefits is part of a larger systemic breach of fiduciary obligations" in order to advance a claim for breach of fiduciary duty based on the denial of his individual benefits. *Reynolds v. Fortis Benefits Ins. Co.*, 2007 WL 484782, *8 (N.D.Cal.2007); *see also Amalgamated Clothing & Textile Workers Union, AFL–CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir.1988) ("A fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA."); 29 U.S.C. § 1109 (providing that a fiduciary is liable to the *plan* for a breach of fiduciary duties). Plaintiff makes no such allegations of systemic wrongdoing. As to the latter claim, individual equitable relief under 29 U.S.C. § 1132(a)(3) is available only when no alternative means of relief, such as for monetary damages under § 1132(a)(1)(B), are available. *Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Because Plaintiff's Complaint seeks monetary damages for past and future LTD benefits, equitable relief is not available. As Plaintiff has failed to respond to these arguments, the Court considers Plaintiff's silence as an admission

that the motion to dismiss these ERISA claims has merit. *See* LCR 7(b)(2). Accordingly, Plaintiff's Thirteenth Cause of Action shall be dismissed with prejudice with respect to his claims for breach of fiduciary duty and equitable relief under ERISA.

Federal Rule of Civil Procedure 10(b) provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." As Count XIII combines at least four separate claims under ERISA, the Court finds that Defendant's request for a more definite statement, pursuant to Fed.R.Civ.P. 12(e), has merit. Plaintiff shall file an amended complaint that separates his remaining ERISA claims into separate counts in conformity with Fed.R.Civ.P. 10(b).

### Conclusion

For the foregoing reasons, the Court hereby finds and ORDERS as follows:

(1) Plaintiff's claims with respect to long-term disability benefits under the Plan are governed by ERISA, 29 U.S.C. § 1001 *et seq.*, giving rise to federal question jurisdiction over this action.

(2) Defendants' Motion to Strike Plaintiff's Jury Demand (Dkt. ## 18) and Defendants' Joinder therein (Dkt. # 21) are GRANTED. Plaintiff's demand for a jury trial is stricken with respect to Plaintiff's Thirteenth Cause of Action and with respect to any claim stated under or preempted by ERISA.

(3) Defendants' Partial Motions to Dismiss (Dkt. ## 19, 20) are GRANTED as follows:

 a. Plaintiff's Second Cause of Action for breach of contract against Unum with respect to the STD Program is DISMISSED with prejudice.

 b. Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes

of Action are DISMISSED with prejudice.

 c. Plaintiff's Ninth, Tenth, Eleventh, and Twelfth Causes of Action are DISMISSED with prejudice with respect to Plaintiff's claims for LTD benefits under the Plan. Plaintiff is granted permission to amend and replead these causes of action to the extent that he asserts claims against Unum with respect to its denial of benefits under the STD Program.

 d. Plaintiff's claims for Breach of Fiduciary Duty and Equitable Relief within Plaintiff's Thirteenth Cause of Action are DISMISSED with prejudice.

 e. Plaintiff is ORDERED to amend and replead his Thirteenth Cause of Action to separate his remaining ERISA claims into distinct counts in conformity with Fed.R.Civ.P. 10(b).

(4) Plaintiff shall file an amended complaint in accordance with the findings stated herein within *ten (10) days* of the entry of this Order.