

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANA R. STAHELI, Ph.D. and LYNN T. STAHELI, M.D., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CHICAGO INSURANCE COMPANY, a foreign corporation, <br><br> Defendant-Appellee. | No.   16-35480 <br><br> D.C. No. 2:16-cv-00096-JCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted February 7, 2019[**]
Seattle, Washington

Before:  IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Plaintiffs-Appellants Lana and Lynn Staheli, together with their "marital community," appeal the district court's order dismissing their diversity suit against Chicago Insurance Company ("CIC") and ACE American Insurance Company ("ACE") (collectively, "Defendants"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

1.      Mr. Staheli's and the Stahelis' Marital Community's Claims. "We review de novo the district court's decision to grant [a] motion to dismiss . . . . We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citations and quotation marks omitted).

To determine whether an insurer owes a duty to defend a claim, Washington courts look to whether "a complaint against [an] *insured* alleges facts which, if proved, would render the insurer liable under the policy." *Harrison Plumbing & Heating, Inc. v. N.H. Ins. Grp.*, 681 P.2d 875, 877 (Wash. Ct. App. 1984) (emphasis added). It is clear from the record that neither Mr. Staheli nor the marital community are named insureds on either policy. By the plain terms of the

---

[1]      Because the parties are familiar with the facts and arguments on appeal, we do not recite them here.

policies, then, Defendants owed no duty to defend Mr. Staheli or the marital community. *See, e.g., Safeco Ins. Co. of Am. v. Davis*, 721 P.2d 550, 552 (Wash. Ct. App. 1986) ("Language in an insurance policy should be interpreted in the way it would be understood by the average person."). The Stahelis' contention that a judgment might require the expenditure of marital community assets does not change this analysis because liability would still rest exclusively with Dr. Staheli—the marital community is not a legal entity that can be liable, *see, e.g., deElche v. Jacobsen*, 622 P.2d 835, 839 (Wash. 1980) (en banc), and there were no allegations against Mr. Staheli in the underlying state lawsuit. Likewise, Mr. Staheli and the Staheli marital community are not third-party beneficiaries to the CIC and ACE policies because the policies were not intended to benefit them. *See Postlewait Const., Inc. v. Great Am. Ins. Cos.*, 720 P.2d 805, 806 (Wash. 1986) (en banc).

We conclude that Defendants did not owe a duty to Mr. Staheli or the marital community to defend the underlying state lawsuit because neither qualified as an "insured." We also conclude that Defendants did not breach any contractual agreements with Mr. Staheli or the marital community. *See Greer v. Nw. Nat'l Ins. Co.*, 743 P.2d 1244, 1247–48 (Wash. 1987) (en banc). Mr. Staheli's and the marital community's claims for breach of the duty of good faith and violations of

3

the Washington Consumer Protection Act and Insurance Fair Conduct Act falter on the same shoals. *See Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1139 (Wash. 1986) (en banc).

2.      Dr. Staheli's Claims.  Defendants undisputedly hired a lawyer for Dr. Staheli in the underlying state court litigation and paid the eventual settlement.  They thus performed their contractual duties to defend and indemnify.  We conclude that any claims Dr. Staheli brought based on a breach of contract, the duty to defend, the duty of good faith, or the Consumer Protection Act were therefore properly dismissed.

We further conclude that Dr. Staheli failed to state a claim for a violation of the Insurance Fair Conduct Act because that statute requires as an element that an insurer "unreasonably denied a claim for coverage[.]"  Wash. Rev. Code § 48.30.015(1) (2018).  The complaint does not allege that Defendants denied Dr. Staheli's claim for coverage.

**AFFIRMED.**