NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| T-MOBILE USA INC., a Washington corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF AMERICA, <br><br> Defendant-Appellee. | No. 17-35932 <br><br> D.C. No. 2:15-cv-01739-JLR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 12, 2018
Submission Withdrawn November 9, 2018
Resubmitted December 6, 2019
Seattle, Washington

Before: BLACK,** TALLMAN, and BEA, Circuit Judges.

T-Mobile USA Inc. ("T-Mobile USA") appeals the district court's orders

granting summary judgment in favor of Selective Insurance Company of America

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

("Selective") and denying reconsideration as to its breach of contract and declaratory judgment claims against Selective.

Selective issued an insurance policy (the "Policy") to a contractor of T-Mobile Northeast, LLC ("T-Mobile NE"), a wholly owned subsidiary of T-Mobile USA. The Policy contained an Additional Insured Endorsement that automatically extends "additional insured" status to any entity with whom the contractor enters into a written contract requiring the contractor to add that entity as an additional insured under the Policy (which in this case extended coverage to T-Mobile NE but not T-Mobile USA, as T-Mobile USA had not entered into any written contract with the contractor). In 2012, the Van Dyk Group, Inc. ("VDG")—Selective's authorized agent that was acting with its apparent authority, *T-Mobile USA Inc. v. Selective Ins. Co. of Am.*, 908 F.3d 581, 586 n.5 (9th Cir. 2018)—issued a certificate of insurance ("COI") to T-Mobile USA. The COI stated that T-Mobile USA "is included as an additional insured" under the Policy, even though it also expressly stated that the COI cannot extend or alter the coverage afforded by the Policy. T-Mobile USA argues that the COI confers additional-insured status on it under the Policy because Selective is bound by VDG's representation in the COI that T-Mobile USA is an additional insured.

These facts give rise to two competing principles under Washington insurance law. The first is that under Washington law, "an insurance company is

2

bound by all acts, contracts, or representations of its agent, whether general or special, which are within the scope of [the agent's] real or apparent authority." *Chicago Title Ins. Co. v. Wash. State Office of Ins. Comm'r*, 309 P.3d 372, 379 (Wash. 2013) (quoting *Pagni v. N.Y. Life Ins. Co.*, 23 P.2d 6, 16 (Wash. 1933)).

The second is that under Washington law, "the purpose of issuing a [COI] is to inform the recipient thereof that insurance has been obtained." *Postlewait Constr., Inc. v. Great Am. Ins. Cos.*, 720 P.2d 805, 807 (Wash. 1986). Accordingly, under Washington law, a COI is *not* the functional equivalent of an insurance policy, and it therefore *cannot* be used to amend, extend, or alter the coverage provisions of an insurance policy. *See id.*; *Int'l Marine Underwriters v. ABCD Marine, LLC*, 267 P.3d 479, 484 (Wash. Ct. App. 2011).

Accordingly, we certified the following question to the Washington Supreme Court:

> Under Washington law, is an insurer bound by representations made by its authorized agent in a certificate of insurance with respect to a party's status as an additional insured under a policy issued by the insurer, when the certificate includes language disclaiming its authority and ability to expand coverage?

*T-Mobile USA*, 908 F.3d at 588. Further, in our certification order, we stated that "[i]f the Washington Supreme Court concludes that Selective is bound by the additional insured representation in the 2012 COI, we will reverse the district court's orders granting summary judgment and dismissal on that threshold basis,

3

and remand for further proceedings." *Id.* at 587–588.

The Washington Supreme Court responded: "Under this state's law, the answer is yes: an insurance company is bound by the representation of its agent in those circumstances. Otherwise, an insurance company's representations would be meaningless and it could mislead without consequence." *T-Mobile USA Inc. v. Selective Ins. Co. of Am.*, 450 P.3d 150, 152 (Wash. 2019).

Accordingly, we decline to address any of T-Mobile USA's other arguments and reverse the district court's orders granting summary judgment and dismissal on the grounds that Selective was bound by VDG's representations that T-Mobile USA was an additional insured under the Policy. We remand to the district court for further proceedings consistent with this disposition.

**REVERSED & REMANDED.**