FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMRISH RAJAGOPALAN, on behalf of himself and all others similarly situated, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> NOTEWORLD, LLC, <br> *Defendant-Appellant*. | No. 12-35205 <br><br> D.C. No. 3:11-cv-05574-BHS <br><br><br> OPINION |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted
May 6, 2013—Seattle, Washington

Filed May 20, 2013

Before: Michael Daly Hawkins, Sidney R. Thomas,
and Jacqueline H. Nguyen, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Arbitration

The panel affirmed the district court's order denying a motion to compel arbitration in a class action alleging violations of federal and Washington state law.

The panel held that the district court correctly concluded under Washington law that the defendant was not entitled to invoke the arbitration clause as a third-party beneficiary or through equitable estoppel.

### COUNSEL

C. Allen Garrett Jr. (argued) and Aaron J. Ross, Kilpatrick Townsend & Stockton LLP, Atlanta, Georgia; Pamela M. Andrews and Jennifer Lauren, Andrews Skinner, P.S., Seattle, Washington, for Defendant-Appellant.

Thomas E. Loeser (argued) and Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, Washington; Stuart M. Paynter, Jennifer L. Murray, and Celeste H.G. Boyd, The Paynter Law Firm PLLC, Washington, D.C., for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

This appeal presents the question, *inter alia*, of whether an entity may compel arbitration on the basis of an arbitration clause in a contract to which it was not a party. Under the circumstances presented by this case, we conclude it may not, and we affirm the order of the district court denying the motion to compel arbitration.

**I**

Amrish Rajagopalan accumulated approximately $15,000 in debt while in school to become an electrical engineer. After losing his job, he had difficulty repaying his debts and decided to seek professional assistance. He found First Rate Debt Solutions ("First Rate") on the Internet, and decided to sign up for their debt settlement program after being told that they had skilled lawyers and negotiators that would settle his debts for pennies on the dollar. Over the course of two or three phone calls with a First Rate agent, Rajagopalan claims he signed up for a one-year program with the understanding that the fees would not exceed $2,000. During one phone call with the agent, Rajagopalan received a link via e-mail to First Rate's contract; Rajagopalan scrolled through while the agent explained the contract in approximately two minutes, and then electronically signed the contract.

That contract was thirteen pages long, and included several documents. Of most significance was an arbitration clause, which provided:

> 10. **Legal Disputes**: In the event of any litigation arising out of or relating to this Agreement, all parties, including Client, P&E Solutions agree to resolve the dispute with neutral binding arbitration according to the laws of the State of Florida.  Venue for all arbitrations shall be in Broward County.  This Agreement represents the entire Agreement by and between the parties.  All prior oral agreements or written understandings are deemed merged herein.  This Agreement may not be amended except by a written document signed by each of the parties hereto.

After eleven months had passed, Rajagopalan canceled his subscription and sought a full refund from defendant NoteWorld, which was responsible for the  payment processing.  A total of $8,290.15 had been withdrawn from Rajagopalan's bank account and deposited into his NoteWorld account, but Rajagopalan had received no offers from creditors.  NoteWorld refunded the $5,424.97 that was being held in "reserve" to pay settlements, but would not refund the $2,865.18 that had been disbursed to the debt relief service provider ("DRSP") or the $170.00 that NoteWorld kept for its fees.  The letter response from NoteWorld's in-house counsel explained that "NoteWorld is a completely separate entity from your DRSP, is independently owned and operated and does not perform the duties that you would have contracted your DRSP to do."  NoteWorld is a "vehicle for payment processing," and "[a]t all times, NoteWorld undertakes these obligations as an independent third-party and does not act as an agent for the DRSP, nor does it take on any of the contractual obligations of the DRSP."  "NoteWorld

is not a debt relief company and did not enter into a contract with you to provide you with debt relief services."**[1]**

Rajagopalan filed a class action complaint in the Western District of Washington against NoteWorld alleging, among other things, violations under the Racketeering Influenced and Corrupt Organizations Act ("RICO") and Washington state law. NoteWorld filed a motion (a) to stay litigation and compel arbitration or, in the alternative, (b) to dismiss without prejudice. NoteWorld concedes that it was not a signatory to the contract containing the arbitration provision, but argues that because Rajagopalan's claims necessarily rely upon and arise under that contract, NoteWorld may invoke the arbitration agreement both as a third-party beneficiary of the contract and under the theory of equitable estoppel.

The district court denied NoteWorld's motion to compel arbitration, holding that the arbitration agreement was substantively unconscionable and that NoteWorld could not invoke the arbitration agreement as a third-party beneficiary or under the equitable estoppel doctrine. We have jurisdiction under 9 U.S.C. § 16(a), and we affirm.

## II

Generally, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25, (1983). However, "[t]he question here is not whether a particular issue is

---

[1] Rajagopalan's motion to supplement the record is denied. "Save in unusual circumstances, we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

arbitrable, but whether a particular *party* is bound by the arbitration agreement. Under these circumstances, the liberal federal policy regarding the scope of arbitrable issues is inapposite." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006).

"The validity of an arbitration provision, like that of any contract, is subject to de novo review." *Coneff v. AT & T Corp.*, 673 F.3d 1155, 1157 (9th Cir. 2012). "The denial of a motion to compel arbitration is reviewed de novo." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 n.1 (9th Cir. 2009). "[T]raditional principles of state law" determine whether a "contract [may] be enforced by or against nonparties to the contract through . . . third-party beneficiary theories . . . and estoppel." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (citation and internal quotation marks omitted).

## III

The district court correctly held that NoteWorld is not a third-party beneficiary to the contract containing the arbitration clause. Under Washington state law, "both contracting parties must intend that a third party beneficiary contract be created." *Postlewait Const., Inc. v. Great Am. Ins. Companies*, 720 P.2d 805, 806 (Wash. 1986). "[T]he key is . . . whether performance under the contract would necessarily and directly benefit that party." *Id.* at 806–07 (internal quotation marks omitted). Though it is true that NoteWorld's name is mentioned in the contract, "indirect reference to a third party does not make the third party a beneficiary of the [contract]." *See Tooley v. Stevenson Co-Ply, Inc.*, 724 P.2d 368, 371 (Wash. 1986). Furthermore, "[t]he creation of a third party beneficiary contract requires

that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract," *Burke & Thomas, Inc. v. Int'l Org. of Masters*, 600 P.2d 1282, 1285 (Wash. 1979), and NoteWorld has submitted no evidence that Rajagopalan intended to designate NoteWorld as a third-party beneficiary, that NoteWorld assumed any duties or obligations under the First Rate contract, or that any party assumed direct obligations to NoteWorld.

## IV

The district court also properly concluded that NoteWorld may not invoke the arbitration clause on the basis of equitable estoppel. We have never previously allowed a non-signatory defendant to invoke equitable estoppel against a signatory plaintiff, and we decline to expand the doctrine here. "Equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'" *Mundi*, 555 F.3d at 1045. Where other circuits have granted motions to compel arbitration on behalf of non-signatory defendants against signatory plaintiffs, it was "essential in all of these cases that the subject matter of the dispute was intertwined with the contract providing for arbitration." *Id.* at 1046 (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 361 (2d Cir. 2008)) (internal quotation marks omitted).

Here, Rajagopalan does not contend that NoteWorld or any other party breached the terms of the contract. Instead, Rajagopalan has "statutory claims that are separate from the [] contract itself." *See Powell v. Sphere Drake Ins. PLC.*, 988 P.2d 12, 14 (Wash. Ct. App. 1999); *see also Bradley v. Morgan Drexen, Inc.*, 2009 WL 2870508, at *2 (E.D. Wash.

Aug. 31, 2009) ("Plaintiffs are not seeking to enforce the contract; rather, Plaintiffs are asserting a claim under the Washington Debt Adjustment Act and the Washington Consumer Protection Act."). Because Rajagopalan's statutory claims"d[o] not arise out of or relate to the contract that contained the arbitration agreement," *see Mundi*, 555 F.3d at 1047(citing *Brantley v. Republic Mortg. Ins. Co.*, 424 F.3d 392, 396 (4th Cir. 2005)), NoteWorld may not compel Rajagopalan to arbitrate his claims on the basis of equitable estoppel.

**V**

The district court correctly concluded that NoteWorld is not entitled to invoke the arbitration clause as a third-party beneficiary or through equitable estoppel. Given this determination, we need not decide any other question presented on appeal.

**AFFIRMED**.