**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD A. GEIER, individually and on behalf of all others similarly situated, *Plaintiff-Appellee*, <br><br> v. <br><br> M-QUBE INC.; MOBILE MESSENGER AMERICAS INC., DBA Mobile Messenger, *Defendants-Appellants*. | No. 13-36080 <br><br> D.C. No. 2:13-cv-00354-TSZ <br><br><br> OPINION |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted February 4, 2016
Seattle, Washington

Filed May 26, 2016

Before: Alex Kozinski, Diarmuid F. O'Scannlain
and Ronald M. Gould, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

## Arbitration

The panel reversed the district court's denial of defendants' motion to compel arbitration in a class action alleging that defendants engaged in a scheme that caused Washington consumers to become unknowingly and unwittingly subscribed to premium text messages services, and remanded for further proceedings.

Defendants are "billing aggregators" who serve as financial intermediaries between customers and content providers. Pow! Mobile, not a party, is a mobile content provider that marketed a game called "Bid and Win," and is defined as the "Company" in the subscription contract's Terms and Conditions. Plaintiff's wife allegedly subscribed to the mobile version of Bid and Win.

The panel held that under Washington law, the Terms and Conditions provide that the "Company's suppliers" are intended third-party beneficiaries of the Terms and Conditions. The panel further held that if defendants are Company's suppliers, they may enforce the arbitration clause in the Terms and Conditions. The panel remanded for the district court to determine whether plaintiff's wife assented to the Terms and Conditions, and whether defendants are Pow! Mobile's suppliers.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Stephen M. Rummage, Candice M. Tewell (argued), Colin G. Prince, Davis Wright Tremaine LLP, Seattle, Washington, for Defendants-Appellants.

Toby J. Marshall, Erika L. Nusser (argued), Terrell Marshall Law Group PLLC, Seattle, Washington; Darrell W. Scott, Matthew J. Zuchetto, The Scott Law Group, P.S., Spokane, Washington, for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

We consider whether defendants are third-party beneficiaries of an arbitration clause that accompanied the subscription to a mobile game.

**FACTS**

Pow! Mobile, not a party here, is a mobile content provider that marketed a "reverse auction" game called "Bid and Win." In this type of game, players bid on prizes, and whoever makes the lowest unique bid wins. Users could subscribe to Pow! Mobile's cell phone content service, and play by submitting bids via text message. Bid and Win's $9.99 monthly subscription charge was billed directly to the subscriber's cell phone bill.

Defendant m-Qube, Inc. is a "connection aggregator." It markets mobile games and other subscription-based content to the public. Defendant Mobile Messenger Americas, Inc.

("Mobile Messenger") "built a computer 'gateway' to each of the major wireless carriers (e.g., AT&T, Verizon, Sprint, T-Mobile), allowing charities and businesses to send and receive text messages with customers."     Both Mobile Messenger and m-Qube are "billing aggregators" who serve as financial intermediaries between customers and content providers. Defendants' parent company is Messenger Global, Inc.

Margaret Wells, Richard Geier's wife, allegedly subscribed to the mobile version of Bid and Win.  According to defendants, Wells accepted Pow! Mobile's Terms and Conditions (the "Terms") upon subscribing.  Geier, however, counters that his wife never subscribed to the service and thus didn't assent to the Terms.  The Terms include a clause compelling arbitration for "any controversy . . . arising out of or relating to a service agreement between" Pow! Mobile and its subscriber.

Geier's class action complaint alleges defendants have engaged in a scheme "that causes Washington consumers to become unknowingly and unwittingly subscribed to premium text message services."  Geier filed his complaint in state court, but defendants removed the case to federal court pursuant to the Class Action Fairness Act.  After Geier filed an amended complaint, defendants moved to compel arbitration.

Without determining whether Wells agreed to the Terms, the district court held that "defendants are not intended third-party beneficiaries entitled to enforce the arbitration clause" and thus denied defendants' motion to compel arbitration.

## DISCUSSION

We review the district court's ruling on the validity and scope of an arbitration clause de novo. *Nagrampa* v. *MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006) (en banc). Under the Federal Arbitration Act, federal district courts must compel arbitration if (1) a valid agreement to arbitrate exists and (2) the dispute falls within the scope of that agreement. *See Chiron Corp.* v. *Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Under paragraph 11 of the Terms, the Bid and Win subscriber agrees to waive all claims "against [his] wireless carrier, any of Company's suppliers, or anyone other than Company, relating to the Service." The Terms define "Company" as Pow! Mobile, but do not define "Company's suppliers." Geier argues that defendants aren't Company's suppliers, but the district court for purposes of its analysis assumed that they were.

Pursuant to the arbitration clause contained in paragraph 12 of the Terms, subscribers "agree that any dispute will be resolved by binding arbitration." Subscribers "also agree [that] any arbitration will be limited to the dispute between [them] and the Company and will not be part of a class-wide or consolidated arbitration proceeding."

When interpreting the Terms, the district court here held that *Rajagopalan* v. *NoteWorld, LLC*, 718 F.3d 844 (9th Cir. 2013) (per curiam), controls. Rajagopalan signed up for a debt settlement program with First Rate Debt Solutions ("First Rate"). *Id.* at 845. First Rate's contract included an arbitration clause; so, rather than suing First Rate, plaintiff filed a class action against NoteWorld, a third party that

provided transaction management and processing services to First Rate. *Id.* at 845–46.

On appeal, we affirmed the district court's refusal to compel arbitration: "Though it is true that NoteWorld's name is mentioned in the contract, 'indirect reference to a third party does not make the third party a beneficiary of the [contract].'" *Id.* at 847 (alteration in original) (quoting *Tooley* v. *Stevenson Co-Ply, Inc.*, 724 P.2d 368, 371 (Wash. 1986)). We noted that under Washington law, a third party is a beneficiary of a contract if "performance under the contract would necessarily and directly benefit that party." *Id.* (quoting *Postlewait Constr., Inc.* v. *Great Am. Ins. Cos.*, 720 P.2d 805, 807 (Wash. 1986)). Thus, "[t]he creation of a third party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract." *Id.* (alteration in original) (quoting *Burke & Thomas, Inc.* v. *Int'l Org. of Masters, Mates & Pilots*, 600 P.2d 1282, 1285 (Wash. 1979)). NoteWorld "submitted no evidence that Rajagopalan intended to designate NoteWorld as a third-party beneficiary, that NoteWorld assumed any duties or obligations under the First Rate contract, or that any party assumed direct obligations to NoteWorld." *Id.* We thus held that NoteWorld was not a third-party beneficiary of the contract containing the arbitration clause. *Id.*

Unlike the agreement in *Rajagopalan*, the Terms here create a direct obligation from the subscriber to the Company's suppliers. Under paragraph 11 of the Terms, the subscriber waives all claims against Pow! Mobile's suppliers. Because there is evidence of a direct obligation from a subscriber to the Company's suppliers, this case is distinguishable from *Rajagopalan*.

This case is more akin to *Gibson* v. *Wal-Mart Stores, Inc.*, 181 F.3d 1163 (10th Cir. 1999). After Gibson was injured while stocking shelves at a Wal-Mart store, an assistant manager told her that Wal-Mart would pay for her medical expenses if she signed release papers. *Id.* at 1165–66. Gibson released all claims "against Wal-Mart, its officers, directors, employees, agents or attorneys as the result of any accident." *Id.* at 1166. Gibson also "agree[d] to arbitrate any disputes as to entitlement to benefits under Wal-Mart's workers' compensation plan." *Id.* (alteration in original). Eventually she sued Wal-Mart and a former co-employee, Becky Brooks, alleging that they negligently caused her injuries. *Id.* Invoking the release agreement, Wal-Mart filed a motion to compel arbitration, which the district court granted as to both Wal-Mart and Brooks. *Id.*

The Tenth Circuit affirmed, reasoning that "[t]he fact that Brooks did not individually sign the Agreement does not preclude enforcement of the Agreement with respect to Gibson's claims against her because it is clear that Brooks was, at the very least, a third party beneficiary of the Agreement." *Id.* at 1170 n.3. The *Gibson* court relied on the Eleventh Circuit's decision in *MS Dealer Serv. Corp.* v. *Franklin*, 177 F.3d 942 (11th Cir. 1999), which it characterized as having held that "a nonsignatory may enforce an arbitration agreement under a third party beneficiary theory when the parties to the agreement have agreed, upon the formation of their agreement, to confer the benefits thereof to the nonsignatory." *Gibson*, 181 F.3d at 1170 n.3.

Although *Gibson* interprets Wyoming law, the factual background there is informative. The parties here agree that Washington law controls. Under that law, "[i]f the terms of

the contract *necessarily require the promisor to confer a benefit upon a third person*, then the contract, and hence the parties thereto, *contemplate a benefit to the third person*." *Lonsdale* v. *Chesterfield*, 662 P.2d 385, 389 (Wash. 1983) (en banc) (quoting *Vikingstad* v. *Baggott*, 282 P.2d 824, 825 (Wash. 1955)).  As described above, the signatory to the Terms agrees to waive all claims against the Company's suppliers.  Therefore, the Company's suppliers are intended third-party beneficiaries of the Terms.  Thus, if defendants are suppliers of the Company, they may enforce the arbitration clause.

Whether defendants may enforce the arbitration clause against Geier requires two findings not made by the district court:  Did Wells assent to the Terms?  And, are defendants Pow! Mobile's suppliers?  We remand so that the district court can make these determinations in the first instance.

We therefore **REVERSE** the district court's denial of defendants' motion to compel and **REMAND** for further proceedings consistent with this opinion.