JAMES S. MOODY, JR., UNITED STATES DISTRICT JUDGE
*1262 Defendant leased a bed to Daniel Ray, with whom it later had a billing dispute. Mr. Ray asked Defendant to talk to his wife-the Plaintiff-about the dispute. Plaintiff also once voluntarily intervened in the dispute for her husband. Now Plaintiff is suing Defendant for violations of Florida and federal law based on collection calls made to her cell phone. Although Defendant argues the claims are subject to the arbitration agreement entered into between it and Mr. Ray, the Court concludes that Plaintiff is a non-signatory who is not bound by the arbitration agreement.
BACKGROUND
In September 2015, Mr. Ray entered into a lease-to-own agreement (the "Lease") with Defendant for a mattress, box spring, and frame. Plaintiff was not a signatory to the Lease, but Mr. Ray listed Plaintiff's cell phone number as one of the phone numbers associated with the account. The Lease also contained a broad arbitration agreement that Mr. Ray did not reject.
At some point, Defendant had a dispute with Mr. Ray regarding his payments on the lease. On at least two occasions when Defendant called Mr. Ray-it is unclear at what phone number-he told Defendant that it should speak to his wife. On another occasion, Plaintiff voluntarily intervened in the dispute on her husband's behalf.
After she intervened, Plaintiff alleges Defendant began "a relentless campaign of placing daily, repeated robocalls" to her cell phone to collect money allegedly owed under the Lease. (Doc. 1, ¶ 16). Plaintiff alleges she revoked consent for Defendant to place robocalls to her cell phone on multiple occasions, but that Defendant continued to call her.
In September 2017, Plaintiff filed suit against Defendant for violations of the Florida Consumer Collection Practices Act, § 559.55 et seq. , Florida Statutes (the "FCCPA"); and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"). (Doc. 1). Defendant now argues that Plaintiff's lawsuit is improper because her claims are subject to the Lease's arbitration agreement.
DISCUSSION
Defendant moves to compel Plaintiff to arbitrate her FCCPA and TCPA claims, which raises a deceptively straightforward issue: Can Defendant force Plaintiff-a nonparty to the arbitration agreement-to arbitrate her claims?[1] Generally, a party cannot compel a non-party to arbitrate. See Mendez v. Hampton Court Nursing Ctr., LLC , 203 So.3d 146, 148 (Fla. 2016). But Defendant makes two arguments why this general rule does not apply: Plaintiff is estopped from avoiding the arbitration agreement because (1) Plaintiff benefitted from the Lease, and (2) Plaintiff's claims are premised on the Lease. (Doc. 14, pp. 9-13). For the reasons explained below, neither argument has merit.
As a starting point, though, Plaintiff correctly points out that Defendant has not applied the appropriate law. While the federal substantive law of arbitrability determines whether a dispute is arbitrable, traditional principles of state contract law determine whether an arbitration agreement can be enforced by or against a non-party.
*1263 Lawson v. Life of the S. Ins. Co. , 648 F.3d 1166, 1170 (11th Cir. 2011) (citing Arthur Andersen LLP v. Carlisle , 556 U.S. 624, 129 S.Ct. 1896, 173 L.Ed. 2d 832 (2009) ). That means that whether Defendant can compel Plaintiff to arbitrate is governed by Florida substantive contract law.
As to Defendant's argument that Plaintiff is bound by the arbitration agreement because she received a benefit under the Lease, Florida law rejects that contention. In Mendez v. Hampton Court Nursing Ctr., LLC , the Florida Supreme Court discussed the law of third-party beneficiaries and when they can be bound by an arbitration agreement. 203 So.3d at 148-50. The Mendez Court explained, "The third-party beneficiary doctrine does not permit two parties to bind a third-without the third party's agreement-merely by conferring a benefit on the third party." Id. at 149. The Mendez Court also distinguished previous Florida case law by explaining that a third-party beneficiary cannot sue to enforce a contract and also argue it is not bound by its terms. Id. But a third-party beneficiary who does not sue to enforce the contract is not bound by the terms to which she did not agree. Id.
So whether Plaintiff-as an alleged beneficiary of the Lease-is bound by the arbitration agreement depends on whether her claims are premised on the Lease. That is also the basis of Defendant's second argument, namely that Plaintiff's claims are premised on the Lease. But the Court concludes Plaintiff's claims are not premised on the Lease such that she would be bound to arbitrate under Florida law.
The Mendez Court draws a distinction between claims to enforce a contract and claims for other violations. In Mendez , the plaintiff was a nursing home resident whose son entered into an agreement with the nursing home for his father's care. Id. at 147. The plaintiff later sued the nursing home for negligence and statutory violations after plaintiff's eye was removed because of an infection because the plaintiff was not attempting to enforce the contract. Id. at 147-48. The Mendez Court held that the plaintiff's claims for negligence and statutory violations were not premised upon the contract signed between the nursing home and his son. Id. at 149. Similarly, Plaintiff's claims for violation of the FCCPA and TCPA are not claims to enforce the Lease, and therefore do not bind Plaintiff to the arbitration agreement in the Lease. So the Court concludes Plaintiff cannot be compelled to arbitrate her claims.
Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 14) is DENIED.
DONE and ORDERED in Tampa, Florida, this 18th day of December, 2017.

Plaintiff does not address whether the arbitration agreement is enforceable or whether her claims are within the scope of the arbitration agreement. And because the Court concludes Plaintiff is not bound by the arbitration agreement, neither does the Court.