**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX ZWEIZIG, | No.    18-35991 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-02401-HZ |
| v. | |
| TIMOTHY C. ROTE, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| NORTHWEST DIRECT TELESERVICES, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted March 3, 2020
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WOLLMAN,[**] FERNANDEZ, and PAEZ, Circuit Judges.

A jury found that Timothy C. Rote aided and abetted Northwest Direct Teleservices, Inc. (NDT), in employment retaliation against Max Zweizig. Rote appeals from the judgment entered against him on Zweizig's claim. We affirm in part, reserving the damages question raised on cross-appeal for certification to the Oregon Supreme Court.

Rote was the president and chief executive officer of NDT, which hired Zweizig as its IT Director in September 2001. NDT terminated Zweizig in November 2003, after he had reported to Oregon's Department of Justice that NDT had been over-billing clients. Zweizig prevailed on a whistle-blower retaliation claim against NDT, which was arbitrated pursuant to the parties' employment agreement. In 2015 and 2016, Rote published two voluminous blogs about the arbitration proceedings between NDT and Zweizig. The blogs included disparaging posts about Zwiezig.

Zweizig filed suit against NDT, its successors, and Rote in December 2015 in federal district court in Oregon. As relevant here, Zweizig alleged that the defendants retaliated against him, in violation of Oregon Revised Statutes

---

[**] The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

§ 659A.030(1)(f), and that Rote had aided and abetted the retaliation, in violation of Oregon Revised Statutes § 659A.030(1)(g).  The corporate defendants defaulted.

Rote asserted several counterclaims, which the district court struck upon Zweizig's motion under Oregon's anti-SLAPP statute.  *See* Or. Rev. Stat. § 31.150.  The district court otherwise denied the parties' dispositive motions.  The case proceeded to trial, which resulted in a verdict in favor of Zweizig and an award of $1 million in noneconomic damages.  The district court denied Rote's motion for a new trial, but applied the $500,000 damages cap set forth in Oregon Revised Statutes § 31.710(1).

1.  Reviewing *de novo*, we conclude that the district court properly denied Rote's motion to compel arbitration because Rote was not a party to the employment agreement between NDT and Zweizig.  *See Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013) (per curiam) (standard of review).  The agreement states that "[e]mployee agrees to submit to mediation . . . any dispute of *the parties*" and then sets forth a nonexclusive list of disputes, concluding with "any other alleged violation of statutory, contractual or common-law rights of *either party*."  (emphasis added).  The arbitration clause thus applies only to disputes between NDT and Zweizig, the parties to the employment agreement, and does not permit Rote to compel arbitration.  *See Bates v. Andaluz*

3

*Waterbirth Ctr.*, 447 P.3d 510, 513–14 (Or. Ct. App. 2019 (concluding that arbitration clause that referred only to two parties did not apply to third person). *Livingston v. Metropolitan Pediatrics, LLC*, 227 P.3d 796, 805 (Or. Ct. App. 2010), is inapposite because the arbitration clause there was "broad enough to encompass claims against nonsignatories and to support the interpretation that the parties intended that [the company's] employees and agents could avail themselves of its terms."

2.  The district court also properly denied Rote's motion to dismiss the complaint. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1141 (9th Cir. 2016) (*de novo* standard of review). Rote argues that Zweizig's claims should have been dismissed as moot because Rote shut down his first blog, removed or redacted Zweizig's name from the blog posts, and thereafter republished the blog under a new name. We conclude that Rote's voluntary cessation of allegedly illegal conduct did not render the claims against him moot. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000).

3.  Rote argues that the district court should have granted summary judgment because Rote forewent renewing NDT's corporate license and allowed the company to administratively dissolve in February 2015, before he published many of the disparaging posts. Whether NDT was operating in some capacity when Rote

4

published the blogs is a question of fact, and NDT's administrative dissolution does not foreclose Zweizig's claims as a matter of law.  Accordingly, the denial of Rote's motion for summary judgment is not reviewable.  *See Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987) ("[T]he denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits."); *see also Banuelos v. Constr. Laborers' Tr. Funds*, 382 F.3d 897, 902 (9th Cir. 2004) (explaining that the general rule "does not apply to those denials of summary judgment motions where the district court made an error of law that, if not made, would have required the district court to grant the motion").

4.  Rote argues that the district court erred in granting Zweizig's motion to strike counterclaims without allowing discovery.  The district court accepted Rote's factual allegations as true, however, and Rote did not seek additional time or permission to complete further discovery.  Nor did Rote identify any information that might have allowed him to show a probability that he would prevail on his counterclaims.  The district court thus did not abuse its discretion in failing to order discovery *sua sponte*.  *See Handy v. Lane Cty.*, 385 P.3d 1016, 1028 (Or. 2016) (remanding to the court of appeals to "consider whether plaintiff

5

showed good cause for conducting further discovery and, if he did, whether the trial court abused its discretion in denying his request").

5. The district court also did not abuse its discretion in excluding certain forensic reports. Rote did not submit evidence sufficient to support a finding that the reports were what the forensic experts claimed them to be. The reports were thus inadmissible for want of authentication. *See* Fed. R. Evid. 901(a).

6. The district court did not plainly err in instructing the jury. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc) (reviewing jury instructions for plain error when complaining party failed to object). The causation instruction was a correct statement of Oregon law. *See Lacasse v. Owen*, 373 P.3d 1178, 1183 (Or. Ct. App. 2016) ("To prove causation under ORS 659A.030(1)(f)—that is, that plaintiff was discharged by defendant 'because' of his protected activity—plaintiff must prove that defendant's unlawful motive was a substantial factor in his termination, or, in other words, that he would have been treated differently in the absence of the unlawful motive."); *see also Hardie v. Legacy Health Sys.*, 6 P.3d 531, 538 (Or. Ct. App. 2000) ("The crux of the standard, regardless of which phraseology is attached to it, is whether, in the absence of the discriminatory motive, the employee would have been treated differently."). The district court did not plainly err in using the term "business

entities" in the aiding-and-abetting instruction. The court repeatedly admonished the jury that the term "business entities" referred only to NDT. Rote jointly submitted the mitigation instruction to the district court and thus cannot challenge that instruction on appeal. Even if he could, Rote cites no law in support of his position that his offer to remove Zweizig's name from the blog posts vitiated the aiding-and-abetting claim.

7. The district court did not abuse its discretion in submitting a general verdict form to the jury. *See* Fed. R. Civ. P. 49(b); *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1317 (9th Cir. 1982) ("Submission of special interrogatories is a matter committed to the discretion of the district judge."). Considering the evidence presented at trial and the parties' closing arguments, the jury must have found that NDT existed when Rote published the disparaging posts because the jury answered yes to the question: "Has Plaintiff proved by a preponderance of the evidence that Defendant Rote aided and abetted Northwest Direct Teleservices in retaliating against Plaintiff?" Despite Rote's argument to the contrary, the administrative dissolution of NDT does not foreclose the possibility that the company continued operating in some capacity.

8. Rote contends that plaintiff's opening statement and closing argument were replete with lies and that the district court should have intervened when

7

plaintiff's counsel asked the jury to "send a message" with its verdict. We find no plain error in the district court's conclusion that, even assuming some remarks were improper, "the alleged misconduct did not sufficiently permeate the entire proceeding to warrant a new trial." *See Claiborne v. Blauser*, 934 F.3d 885, 893–94 (9th Cir. 2019) (explaining that the denial of a motion for a new trial is ordinarily reviewed for abuse of discretion, but when the complaining party did not object to the misconduct, we review for plain error); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (explaining that the appellant bears the burden of showing prejudice resulting from an improper closing argument). The district court was "in a superior position to gauge the prejudicial impact of counsel's conduct during the trial." *Hemmings*, 285 F.3d at 1192 (quoting *Anheuser-Busch Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir. 1995)). In light of the strength of Zweizig's case and the relevancy of the disputed statements to whether Rote aided and abetted retaliation and whether Rote's blog had an impact on Zweizig's life, we find no error in the determination that Rote was not prejudiced by plaintiff's counsel's statements.

**AFFIRMED IN PART.** The mandate shall not issue until we file a disposition addressing the damages question in the cross-appeal, No. 18-36060,

8

which we have certified to the Oregon Supreme Court in a contemporaneously

filed order.