DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MATTHEW JACOCKS,**
Appellant,

v.

**CAPITAL COMMERICAL REAL ESTATE GROUP, INC.,** a Florida corporation; **RANDY NORTH,** an individual; **REAL ESTATE FLORIDA COMMERCIAL INTERNATIONAL, INC.,** a Florida corporation; **GREEN TREE COMMERCIAL, INC.,** a Florida corporation; **FRIEDLANDER & KAMELHAIR, P.L.,** a Florida Limited Liability Company, and **BRUCE FRIEDLANDER,** an individual,
Appellees.

No. 4D20-1512

[January 6, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. 19-012740 CACE (14).

Geoffrey D. Ittleman of The Law Offices of Geoffrey D. Ittleman, P.A., Fort Lauderdale, and John M. Mullin and Stephanie C. Mazzola of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Bruce D. Friedlander of Friedlander & Kamelhair, PL, Pembroke Pines, for appellees Friedlander & Kamelhair, P.L. and Bruce Friedlander.

PER CURIAM.

Matthew Jacocks appeals an order compelling arbitration of his legal malpractice claim, which he brought as an intended third-party beneficiary of a retainer agreement. Jacocks argues that he is not bound by the arbitration clause in the retainer agreement because he did not sign the agreement and is not suing to enforce it. We agree and reverse.

Jacocks is a real estate agent who worked for a real estate broker as a sales manager. Jacocks claims that, while he was working for the broker, he entered into an off-market listing agreement with the seller of a large multi-family property. He and the broker secured a prospective buyer for the property, but the buyer later told them the purchase would not be

closing. Jacocks eventually learned that the purchase did close, and he claims the buyer and seller improperly circumvented him and the broker to avoid paying their commission.

The broker retained the defendant law firm to sue the seller to recover the commission. Jacocks did not sign the retainer agreement, but he claims he paid half of the retainer fee as required by his agreement with the broker. He claims he worked closely with the attorney on the case, and the attorney never asked him to waive any conflict of interest or advised him that he represented only the broker. While the case was pending, the broker terminated its relationship with Jacocks, and the attorney stopped communicating with him. The case eventually settled, but Jacocks was not advised of the terms of the settlement and did not receive any of the proceeds.

Jacocks later sued the broker, the law firm, and the attorney. At issue in this appeal is count four of Jacocks' amended complaint, which alleges a cause of action for legal malpractice against the law firm and the attorney. Jacocks alleges that he was an intended third-party beneficiary of the retainer agreement between the broker and the law firm because he was entitled to 100% of any recovered commission under his agreement with the broker. Jacocks alleges that the defendants breached their duty to either act in his best interest or advise him to retain separate counsel.

The defendants moved to compel arbitration of Jacocks' legal malpractice claim pursuant to an arbitration clause in the retainer agreement. The court rejected Jacocks' argument that he was not bound by the arbitration clause and granted the defendants' motion. Jacocks timely appealed.

Because the trial court ruled as a matter of law, our review is de novo. *See Ibis Lakes Homeowners Ass'n, Inc. v. Ibis Isle Homeowners Ass'n, Inc.*, 102 So. 3d 722, 727 (Fla. 4th DCA 2012) (stating that an order granting or denying a motion to compel arbitration is reviewed do novo, although any factual findings are reviewed for competent substantial evidence).

As a general rule, a plaintiff cannot be bound by an arbitration clause in a contract he did not sign even if he is a third-party beneficiary of the contract. *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) (holding that "no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate"); *Mendez v. Hampton Court Nursing Ctr.*, 203 So. 3d 146, 149 (Fla. 2016) (explaining that the third-party beneficiary doctrine "does not permit two parties to bind a

third—without the third party's agreement—merely by conferring a benefit on the third party").

As an exception to that rule, our supreme court has held that when a third-party beneficiary sues to enforce a contract between other parties, he will usually be bound by an arbitration clause contained in that contract. *See Mendez*, 203 So. 3d at 149 (citing *Nat'l Gypsum Co. v. Travelers Indem. Co.*, 417 So. 2d 254, 256 (Fla. 1982)). This exception does not apply when a third-party beneficiary brings a claim other than to enforce the contract. *See id.* at 149-50 (holding that a nursing home resident who alleged negligence and statutory violations against the nursing home was not bound by an arbitration clause in the admission contract, which he did not sign, because he was not suing to enforce the contract). *See generally Ray v. NPRTO Fla., LLC*, 322 F. Supp. 3d 1261, 1263 (M.D. Fla. 2017) (recognizing that "a third-party beneficiary cannot sue to enforce a contract and also argue it is not bound by its terms," but at the same time, "a third-party beneficiary who does not sue to enforce the contract is not bound by the terms to which she did not agree").

Here, the exception does not apply because Jacocks is suing the defendants for negligence, not to enforce the retainer agreement. The fact that Jacocks relies on his status as an intended third-party beneficiary of the retainer agreement to establish that the defendants owed him a duty of care does not transform the basic nature of his claim from negligence to breach of contract. *See Dingle v. Dellinger*, 134 So. 3d 484, 488 n.1 (Fla. 5th DCA 2014) (explaining that a third-party beneficiary can bring a legal malpractice action in theories of either negligence or contract, but the contract theory is "conceptually superfluous" because "the crux of the action must lie in tort as there can be no recovery without negligence").

In sum, because Jacocks did not sign the retainer agreement and is not suing to enforce it, he is not bound by the arbitration clause. *See Mendez*, 203 So. 3d at 149-50. We therefore reverse the order granting the defendants' motion to compel arbitration.

*Reversed.*

LEVINE, C.J., MAY and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3