NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONYA CANADY, on behalf of herself and others similarly situated, | No.    20-15997 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-04738-DWL |
| v. | MEMORANDUM[*] |
| BRIDGECREST ACCEPTANCE CORPORATION, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted June 10, 2021[**]
Submission Vacated June 22, 2021
Resubmitted November 4, 2021
Portland, Oregon

Before:  WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Bridgecrest Acceptance Corporation appeals the district court's order

denying its motion to compel arbitration against Tonya Canady pursuant to a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Panel

contract signed by her spouse containing a mandatory arbitration clause. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

1.  The district court correctly determined that state law governs whether Canady is compelled to arbitrate. Although the Federal Arbitration Act controls the interpretation of arbitration agreements, we look to state contract law to determine whether a non-signatory is bound by an arbitration agreement. *See Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013); *Arthur Andersen LLP v. Carlisle,* 556 U.S. 624, 630 (2009); *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013).

2.  The district court correctly applied federal choice of law rules to determine that the contract law of Florida, rather than Arizona, governs here. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Neither party seriously disputes this finding, and we agree with the district court that "application of the factors identified [] overwhelmingly supports the conclusion that Florida law is applicable." Canady is a citizen of Florida, her husband is a resident of Florida, and the underlying purchase of the truck and the signing of the contracts all took place in Florida. The only connection to Arizona is that Bridgecrest is headquartered and likely placed the calls there.

3.  The district court correctly held that under Florida law, Canady is not a personal representative of her husband and thus is not bound by the arbitration

agreement. In Florida, a personal representative is a term of art used in estate law to denote a court appointed fiduciary who oversees an estate's administration. *See* Fla. Stat. §§ 733.301-733.309; *see also Opis Mgmt. Res., LLC v. Dudek*, 2011 WL 6024092, at *2 (N.D. Fla. 2011) ("[A] 'personal representative' means the 'fiduciary appointed by the court to administer the estate and what has been known as an administrator . . . or executor.'") (citations omitted). Indeed, an entire statutory scheme exists articulating the qualifications and duties of a personal representative under Florida law. *See* Fla. Stat. §§ 733.301-733.309. Canady's husband is not deceased, so the concept of "personal representative" is inapplicable. Fla. Stat. § 733.302.[1]

4.      The district court correctly held that Canady is not equitably estopped from avoiding the arbitration agreement. Under Florida law, "[t]hird persons who are not parties to an arbitration agreement generally are not bound by the agreement." *Mendez v. Hampton Ct. Nursing Ctr.*, 203 So.3d 146, 148 (Fla. 2016) (citation omitted). Drawing from this principle, Florida courts have rarely applied equitable estoppel in the manner Bridgecrest seeks. "Critically," in Florida, "the third-party beneficiary doctrine enables a non-contracting party to enforce a

---

[1] The district court correctly concluded that Bridgecrest waived its agency-law arguments. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Even if not waived, Bridgecrest's contention that Canady acted as her husband's agent because he included her phone number on the contract is unavailing. *See Lepisto v. Senior Lifestyle Newport Ltd. P'ship*, 78 So. 3d 89, 94 (Fla. Dist. Ct. App. 2012).

contract against a contracting party—not the other way around." *Id.* at 149; *see also Beck Auto Sales, Inc. v. Asbury Jax Ford, LLC,* 249 So.3d 765, 767 (Fla. Ct. App. 2018) ("Florida and federal courts have recognized that principles of equitable estoppel sometimes allow a non-signatory to compel arbitration against someone who *had* signed an arbitration agreement.") (citation omitted); *M.S. Dealer Servs. Corp. v. Franklin,* 177 F.3d 942 (11th Cir. 1999) (applying Florida law). Accordingly, we agree with the district court that in most cases, "it does not appear that Florida courts apply [equitable estoppel] to estop non-signatories."

In certain cases, Florida courts have stated that "an individual who makes use of a contract as long as it works to his or her advantage is estopped from avoiding the contract's provisions concerning the forum in which any dispute should be resolved." *Stalley v. Transitional Hosps. Corp. of Tampa, Inc.,* 44 So. 3d 627, 632 (Fla. Ct. App. 2010). Here, Canady interacted with Bridgecrest only to facilitate payments under the contract, and her claim under the TCPA is not derived from or dependent upon any contractual obligation with Bridgecrest. Thus, she was not enjoying the benefits of the contract such that she should be estopped on these grounds. *See, e.g.*, *Ray v. NPRTO Fla.*, *LLC*, 322 F. Supp. 3d 1261 (M.D. Fla. 2017), *aff'd*, 743 F. App'x 955 (11th Cir. 2018) (applying Florida law to find no arbitration in a similar case).

Because the district court correctly determined that Florida law governs this

dispute and correctly applied Florida law to conclude that Canady is not compelled

to arbitrate pursuant to a contract signed by her spouse, we **AFFIRM**.